Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6389 | **DATE** | 8/8/2011 |
| **CASE TITLE** | United States vs. Funds in the Amount of $127,300.00 | | |

**DOCKET ENTRY TEXT**

The United States' motion for a ruling on its motion for partial summary judgment [47] is granted. The United States' motion for partial summary judgment [40] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The United States brought this civil forfeiture action under 18 U.S.C. § 981 seeking the forfeiture of $127,300. Before the court is the United States' motion for partial summary judgment as to $75,000 claimed by Salik Rao.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute (or issue) of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is proper where the nonmovant fails to point to admissible evidence that would create a genuine issue of material fact regarding an element that is essential to the nonmovant's case, on which the nonmovant bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

Since Rao has failed to respond to the United States' L.R. 56.1(a)(3) statement, the facts therein are deemed admitted. *See* L.R. 56.1(b)(3)(c) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). However, the court will still view those facts in the light most favorable to Rao, *Yancick v. Hanna Steel Corp.*, --- F.3d ----, 2011 WL 3319568, at *11 (7th Cir. 2011) (citing *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)), and the United States must still show that summary judgment is proper on these undisputed facts, *id.* (citing *Wienco, Inc. v. Katahn Assoc.*, 965 F.2d 565, 568 (7th Cir. 1992) ("Where the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.")).

The admitted facts are as follows: Steven Yarr surrendered $127,300 in gratuities to the FBI after admitting that, in his position as a regional manager for BP, he violated BP's policy by accepting gratuities from certain individuals in exchange for favorable treatment in business transactions with BP. In one instance, Yarr

accepted $75,000 from George Nediyakalayil in exchange for Yarr's intervention in the sale of a gas station in downtown Chicago. Salik Rao purchased that gas station in December 2000 by entering into a partnership with Yarr and Nediyakalayil (Rao contends that he was coerced into doing so). In December 2002, the partnership sold the property and deposited the proceeds of the sale into the partnership bank account. Rao alleges that shortly thereafter, Nediyakalayil transferred at least $75,000 of Rao's share of the sale proceeds to Yarr without Rao's knowledge or consent. Rao sued Yarr in federal court, but his claims were dismissed, *see Rao v. BP Products North America, Inc.,* No. 04 C 6040, 2006 U.S. Dist. LEXIS 95271 (N.D. Ill. Feb. 24, 2006), and the dismissal was affirmed by the Seventh Circuit, *see Rao v. BP Products North America, Inc.*, 589 F.3d 389 (7th Cir. 2009). Rao also filed a lawsuit against Nediyakalayil in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, No. 04 CH 03733, alleging that Nediyakalayil and Yarr defrauded him; however, Rao terminated the lawsuit by agreement. (*See* ECF No. 41, Ex. G.)

"To contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing, otherwise there is no 'case or controversy.'" *United States v. U.S. Currency in the Amount of $103,387.27*, 863 F.2d 555, 560 n.10 (7th Cir. 1988) (citing *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987)). "Because standing is 'not [a] mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case, [it] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Although the United States concedes that Rao *alleges* the $75,000 at issue here came from Rao's share of the sale proceeds, the United States has not conceded that Rao's allegation is true and Rao has not pointed to evidence supporting his allegation. Accordingly, Rao's contention that he has a sufficient interest in the property to give him standing is factually unsupported.

Furthermore, even had Rao established that he has standing, he has not provided evidence to support an innocent owner defense. The innocent owner defense provides that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). However, it is the claimant's burden to prove by a preponderance of the evidence that he is an innocent owner. *Id.* For the purposes of the rules governing civil forfeiture proceedings, an "owner" is "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and (B) does not include– (i) a person with only a general unsecured interest in, or claim against, the property or estate of another; (ii) a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or (iii) a nominee who exercises no dominion or control over the property," 18 U.S.C. § 983(d)(6), while an "innocent owner" is "an owner who– (i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property," 18 U.S.C. § 983(d)(1). As discussed above, Rao has not established that he is an "owner," let alone an innocent owner.

Since Rao has failed to point to admissible evidence that would create a genuine issue of material fact regarding essential elements of his case, on which he bears the burden of proof, the United States is entitled to partial summary judgment as to the $75,000 claimed by Rao.